ALLEN FICK, FOR THE USE OF JANE E. LEONARD v. DANIEL N. RUNNELS AND JACOB P. HAYNES.

*Rulings on evidence—Liability of agent to principal.*

Where it is necessary to allow considerable latitude in examining witnesses and the discretion of the trial judge is fairly exercised, his rulings in the admission or rejection of evidence will not be reviewed if they are not to the evident prejudice of the parties.

Where a principal has authorized his surety to sell certain of his property, indemnify himself, and use the rest of the proceeds for specific purposes, he cannot complain, if, on his own advice, the surety takes paper instead of cash, in payment; or if he takes it in his own name; so long as he acts in a careful, prudent, honest and business-like way and with such care and judgment as a reasonable man should exercise.

The owners of a vessel deeded it to certain persons as security, with authority to sell it if a good opportunity offered. *Held,* that the

grantees had a right to pay any outstanding claims for supplies which had been properly allowed against the vessel, and the grantors could not complain of their paying any bills for repairs which they had themselves contracted to pay; the grantees could also pay from the earnings of the boat for such repairs as were reasonably necessary for keeping the vessel in good condition while in their hands or for putting it in good condition to sell, or for such as the grantors directed, but they could not be allowed for such expenses as had been made necessary by their own neglect or mismanagement.

Where property has been left with another to sell, the latter is not liable for failure to collect payment unless guilty of negligence, bad faith or dishonesty.

Error to St. Clair. Submitted Apr. 19. Decided Apr. 25.

Assumpsit. Plaintiff brings error. Affirmed.

*Wm. M. Cline* and *A. E. Chadwick,* for appellants, as to the responsibility of an agent to his principal for notes taken in the agent's name: 1 Pars. Cont. 58; *Amory v. Hamilton* 17 Mass. 103; *Arrott v. Brown* 6 Whart. 22.

*Frank Whipple* and *O'Brien J. Atkinson* for appellees.

Marston, J. The defendants received a deed of a small steamer from Allen Fick to secure them for signing a bond to release a vessel from seizure on a libel. If the suit was defeated and they saved harmless from liability on the bond, they were to re-deed, and in case a good opportunity occurred to sell, and Fick should desire a sale, they were to sell, reserve out of the proceeds sufficient to indemnify them, and also pay a certain mortgage. After this defendants took possession of the boat; they ran her awhile, but not paying expenses they laid her up; they made certain repairs to the boat, paid the cost thereof, and also paid for supplies and other expenses. The conveyance to defendants was made in the summer of 1873, and in the spring of 1874 they sold the boat to a party in Duluth for $1900, payable $550 cash, $500 in six months, with an endorser, and one note for $850 payable in eighteen months with an endorser. These notes were made payable to defendant Haynes. A part of this second note has been collected, the balance of the two notes has not, and a judgment against the maker

has been recovered, and also against the endorser on the $500 note. The defendants have not yet received sufficient to reimburse them for the amounts they have paid.

This action is brought to recover the price or value of the boat. The declaration contains several counts; one alleging authority to sell for cash, for breach that the sale was on credit; second, selling on credit for worthless paper, when they ought to have sold for cash or good paper; third, that they should have exercised due care in the sale, but did not in that they accepted notes of no value; neglect to account, etc.

On the trial a number of questions were raised as to the admissibility of certain testimony, none of which we consider of any importance. In a case like the present considerable latitude must be allowed in the examination of witnesses, and much must be left to the discretion of the trial judge, and so long as that discretion is fairly exercised, and no evidence is admitted or rejected, to the evident prejudice of the parties, the rulings must be sustained.

The charge of the court was so eminently fair and proper in this case, and presented so clearly to the jury the real questions at issue, under what circumstances they could or could not find the defendants responsible, and supported as it was by abundant testimony, that we give it herewith and add that we discover no error therein:

"The last clause in the contract provides that Haynes and Runnels may sell if they have a good opportunity, and after selling reserve enough to indemnify themselves against the damage which may result on account of having signed the bond and to pay the Neal mortgage. Now the complaint is, not that the vessel is sold, or the price agreed to be paid, but the complaint is made simply as to what the defendants took for the boat. If Fick or Leonard counselled or advised the taking of the paper that was taken, they cannot now be heard to complain about that. Or, if Haynes and Runnels acted in a careful, prudent, honest, and business-like manner, and with such care and good judgment as a reasonable man should, then they have done all they should be expected or required by the other. If that Haynes took the notes in his own name, does not, of itself, make the defendants liable. They had an interest in the matter and might very

properly take the notes in their own name and hold them reasonably at least.

As to the payments alleged to have been made by the defendants, and which they claim should be allowed them under our State law, this boat would be liable for supplies, materials and repairs furnished and done to her, and such bills the defendants had a right to pay, but of course only such bills as were fairly and honestly outstanding against her, and only such as have been fairly proved should be allowed; and, of course, such bills as Fick or Leonard contracted to be paid, cannot be complained of now on being paid by them. As to the amount said to have been paid for materials, repairs, etc., during the time that Haynes and Runnels had the deed of the boat, if by their own negligence, misconduct, or misuse of the boat that is referred to, they became necessary, they should not have such amount allowed them, but if those repairs were directed by Fick or Leonard, or if they were reasonably necessary to keep her up in proper order, then the defendants might very properly pay for them out of the earnings and proceeds of the boat. As to the cost of repairs at the time of the sale, if those repairs were directed by Fick or Leonard, or if Leonard made the contract to sell, and under that contract agreed that the repairs should be made, then they shouldn't now complain if those repairs were reasonably necessary to put the boat in salable condition. They might very properly have that done, for they certainly would have been fairly censurable if they had allowed the boat to rot or sink at the wharf.

It is further claimed that the defendants were not diligent in their efforts to collect, so, as our Supreme Court say, they who have bargained to render services for another, undertake for good faith and integrity, but he does not agree that he will commit no errors. If negligent, bad faith or dishonest, he would be liable to his employer, but if he is guilty of neither of these, the employer must submit to such incidental loss as may occur in the course of the employment."

The case seems to have been fairly tried and all material questions raised properly submitted, and if any error was committed, it must have been by the jury, over whose verdict this court exercises no supervision.

The judgment will therefore be affirmed with costs.

COOLEY and CAMPBELL, JJ. concurred.