HANSON, Respondent, vs. TEMPLE and another, Appellants.

*October 20—November 15, 1921.*

*Libel: Charging lawyer and assemblyman with opposing prohibition law: Conditional privilege: Express malice: Fair criticism: Demurrer.*

1. Upon demurrer thereto, the allegations of a complaint must be taken as true.
2. To charge plaintiff, a lawyer and member of the legislature, in a published article, with "sneering at prohibition enforcement in an outburst which asserts that to get drunk is human and keeping booze from a man is chaining him up," clearly means and implies not only that he is opposed to the enforcement of the Eighteenth amendment to the federal constitution and the Volstead act (41 U. S. Stats. at Large, 405, ch. 85), but that he entertains views contrary to good morals on the subject of intoxication, and is libelous, since as an assemblyman and as a lawyer plaintiff has taken oath to support the law and aid in its enforcement.
3. Such an article is not privileged as offering fair criticism of plaintiff's acts as an assemblyman or as a citizen; and in order to constitute an alleged libelous article conditionally privileged, the publisher of the article must not be actuated by malice.

APPEAL from an order of the circuit court for Juneau county: JAMES WICKHAM, Judge. *Affirmed.*

Action for libel. The facts are stated in the opinion.

For the appellants the cause was submitted on the brief of *McFarlane & Loomis* of Mauston.

For the respondent there was a brief by *Frank H. Hanson in pro. per.* and *John B. Miller,* attorney, both of Mauston, and oral argument by *Mr. Hanson.*

DOERFLER, J.   This action is brought by the plaintiff against the defendants for the recovery of damages for publication of an alleged libelous article.   The complaint, among other things, alleges the following:

"That at the times hereinafter mentioned the plaintiff was a lawyer practicing his profession at the city of Mauston, in the county of Juneau, state of Wisconsin, and was of good name and credit as such lawyer, and further that at such times plaintiff was the duly elected and qualified member of assembly of the county of Juneau, in the state of Wisconsin, and was performing the duties of said office, the legislature of Wisconsin being then in regular session.

"That at said times, and particularly on the 3d day of February, 1921, the defendants were the publishers and proprietors of Juneau County Chronicle, a weekly newspaper at the city of Mauston, in Juneau county, Wisconsin, having a general circulation in said Juneau county and points within the state of Wisconsin adjacent thereto.

"That on the 3d day of February, 1921, the defendants maliciously composed and published concerning the plaintiff in said newspaper the false and defamatory matter following, to wit: 'Assemblyman *Frank Hanson* is acquiring some more cheap notoriety by sneering at prohibition enforcement in an outburst which asserts that to get drunk is human and keeping booze from a man is chaining him up.   Jollying the liquor interests has so become a habit with him that he does not recognize its futility.'

"That by means of said publication the plaintiff was injured in his reputation, to his damage," etc.

The defendants interposed a demurrer to the plaintiff's complaint on the ground that it appears upon the face thereof that the same does not state facts sufficient to constitute a cause of action.   The court overruled the demurrer, and this appeal is taken from such ruling.

Upon the demurrer the allegations of the complaint must be taken as true.   This being so, the things alleged to have been published of and concerning the plaintiff, his office and profession, must be regarded as false, and as such knowingly published by the defendant. *Gauvreau v. Superior Pub.*

*Co.* 62 Wis. 403, 407, 22 N. W. 726; *Street v. Johnson,* 80 Wis. 455, 457, 50 N. W. 395. The matter, therefore, to be determined by this court is whether the demurrer was properly overruled.

Is the article published libelous? It will be noted that the complaint alleges that the plaintiff at the time of the publication was a practicing lawyer in the city of Mauston, in Juneau county, Wisconsin, and was of good name and credit as such lawyer, and that he was also during such time the elected and qualified member of assembly of Juneau county, Wisconsin, and was performing the duties of assemblyman at that time, and that the legislature of Wisconsin was then in regular session.

Under the provisions of sec. 2586*a,* Stats., an attorney at law is required in open court to take an oath or affirmation, in which, among other things, he must swear or affirm that he will support the constitution of the United States and the constitution of the state of Wisconsin. As an attorney he is an officer of a court of justice (6 Corp. Jur. p. 566), and owes an obligation to the public no less significant than his obligations to his clients (6 Corp. Jur. p. 568).

Sec. 28, art. IV, of the constitution of the state of Wisconsin provides that members of the legislature shall, before they enter upon the duties of their respective offices, take and subscribe an oath or affirmation to support the constitution of the United States and the constitution of the state of Wisconsin, and faithfully to discharge the duties of their respective offices to the best of their ability.

Sec. 19.01, Stats., prescribes the form of oath to be taken by an assemblyman before he enters upon the performance of the duties of his office, which form is in compliance with the constitutional provisions of this state above referred to.

While the plaintiff at the time alleged in the complaint was both an attorney at law and a member of the legislature, and having presumably complied with the provisions of the constitution and of the statutes of the state, the alleged libel-

ous article set forth in the complaint above was published. It charges, among other things, that the plaintiff is acquiring some more cheap notoriety by sneering at prohibition enforcement in an outburst which asserts that to get drunk is human and keeping booze from a man is chaining him up.

At the time of the publication of the alleged libel, the Eighteenth amendment to the constitution had become and was a part of the organic law of the United States, and the enforcement law known as the Volstead act (41 U. S. Stats. at Large, 405, ch. 85) had been duly passed and was in full operation throughout the United States. Prohibition laws had also been adopted and were in force in the state of Wisconsin.

The constitutional provision known as the Eighteenth amendment, and the enforcement act known as the Volstead act, constitute a crystallization in the form of law reflecting the public sentiment of the citizens of the United States, and such enactments must be obeyed and are entitled to be respected by all good and loyal American citizens.

Under these circumstances, to charge the plaintiff in a published article with sneering at prohibition enforcement in an outburst which asserts that to get drunk is human and that keeping booze from a man is chaining him up, properly interpreted, clearly means and implies not only that he is opposed to the enforcement of the constitutional amendment under the enforcement act, but that he entertains views contrary to good morals on the subject of intoxication. The publication of such an article under the circumstances detailed involves, therefore, a charge which touches the plaintiff in his public office as a member of the legislature and in his profession as an attorney at law, in both of which capacities he has taken an oath to support the law and aid in its enforcement. It not only touches him in the capacity of an officer and in his professional capacity as an attorney, but also as a citizen, inasmuch as it holds him up before the public as one who is opposed to the enforcement of the constitu-

tional provision referred to and of the Volstead act, but as entertaining views on the subject of intoxication contrary to sound public morals; therefore the article in question must necessarily be considered as holding up the plaintiff as an individual, an officer, and as an attorney, as an object of hatred, ridicule, and contempt.

The article in question is not one privileged as offering fair criticism of plaintiff's acts as an assemblyman or as a citizen.

In *Bradley v. Cramer,* 59 Wis. 309 (18 N. W. 268), at page 311 it is held:

"It is settled that an action for libel may be sustained for words published which tend to bring the plaintiff into public hatred, contempt, or ridicule, even though the same words spoken would not have been actionable. . . . Written slander is necessarily attended with such deliberation, and its publication is so well calculated to produce permanent mischief, that an action may be maintained for the publication of written words when it could not be maintained for the publication of the same words by mere oral discourse. . . . Hence, every written publication which implies, or may be generally understood to imply, reproach, dishonesty, scandal, or ridicule, to any person, is a libel."

It is contended by the appellants that inasmuch as the plaintiff was an assemblyman the publication of the article was conditionally privileged.

"Conditional privilege as regards newspaper activity does not go beyond fair criticism in respect to the relations of persons to the public and report of facts. It does not extend to false statements of fact or unjust inferences, nor taunts, nor contemptuous and insulting phrases." *Williams v. Hicks P. Co.* 159 Wis. 90, 102, 150 N. W. 183.

In order to constitute the alleged libelous article conditionally privileged, the publisher of the article must not be actuated by malice, and malice is expressly charged in the complaint. Consequently, upon the face of the complaint, it cannot be contended that the article is conditionally privi-

leged. *Williams v. Hicks P. Co.* 159 Wis. 90, 102, 150 N. W. 183.

We hold, therefore, that the complaint states a good cause of action; that the article in question touches the plaintiff in his office and profession, and also as an individual and citizen, and in such capacities holds him up to the public as an object of hatred, ridicule, and contempt, and is not conditionally privileged. The order of the circuit court overruling the defendants' demurrer is therefore sustained.

*By the Court.*—Order overruling demurrer affirmed.