Woods, Respondent, vs. Sentinel-News Company, Appellant.

*December 3, 1934—January 8, 1935.*

628

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur T. Spence* of counsel, all of Milwaukee, and oral argument by *Arthur T. Spence.*

For the respondent there was a brief by *Frank H. Hannaford,* attorney, and *Otto Dorner* of counsel, both of Milwaukee, and oral argument by *Mr. Dorner.*

FAIRCHILD, J. When language claimed to be libelous does not carry a sense supporting the meaning alleged and is not reasonably capable of conveying to the ordinary mind a defamatory meaning, it cannot be the basis of a right to maintain an action. It is the duty of the court in the first instance to determine whether the meaning ascribed by the pleader to the words set forth in the complaint is a natural and proper one, and if it is not, then the complaint must fall. *Lubcke v. Teckam,* 179 Wis. 543, 191 N. W. 968; *Scofield v. Milwaukee Free Press Co.* 126 Wis. 81, 105 N. W. 227; *Robertson v. Edelstein,* 104 Wis. 440, 80 N. W. 724; *Leuch v. Berger,* 161 Wis. 564, 155 N. W. 148; *York v. Cole,* 190 Wis. 179, 208 N. W. 944. The effect upon the reader of the natural and reasonable import of the words used is the gist of the matter. *Bradley v. Cramer,* 59 Wis. 309, 18 N. W. 268. Upon a fair construction of the published article set forth in the statement of facts, all suggestion that respondent was charged with the commission of any offense is positively excluded. While liberal rules of pleading are followed in construing a complaint, the pleader's statement that particular words impute a criminal charge cannot in

themselves enlarge the reasonable and natural meaning of the words used. The article says that respondent's wife called the police saying that her husband was a bank robber and was wanted in Indiana; that upon receipt of the message, the police investigated the matter and found that the wife had made a false accusation because of trouble with her husband.

The publication under consideration should be read as a whole and not in detached fragments. *Leuch v. Berger, supra.* When this is done, we find the respondent to be the object of an unfounded accusation by his wife. He is not charged with the commission of any offense or the doing of any act which would hold him up to ridicule, hatred, or scorn. He was not detained by the police, but his wife was arrested, because of what happened, on a charge of disorderly conduct. The conclusion that follows from the reading of the article is that the respondent was guilty of no transgression. Because the words here used are not reasonably susceptible of a meaning indicating that respondent was charged with a criminal offense or accused of being a criminal, the demurrer to the complaint should have been sustained.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.