FRINZI, Appellant, v. HANSON, Respondent.

*February 4—March 1, 1966.*

For the appellant there was a brief and oral argument by *Nicholas C. Catania* of Milwaukee.

For the respondent there was a brief and oral argument by *Arthur DeBardeleben* of Park Falls.

HALLOWS, J. By the demurrer the facts alleged in the complaint are admitted as verities and only a question of law is presented. The complaint alleges Dominic H. Frinzi was a Milwaukee lawyer of good name and credit and at the time of the alleged libel was a candidate for the office of governor in the Democratic primary which was to be held on September 7, 1964. Frinzi was a member in good standing of the Democratic Party and supported and espoused the principles, ideals and platform of that party without qualification or equivocation. On the 3d day of September, a few days before the primary, the respondent J. Louis Hanson, who was the state chairman of the Democratic Party, issued for publication in various state newspapers an allegedly defamatory statement concerning Frinzi. While the complete published statement is not pleaded, the following is set forth in the complaint as libelous:

(a) That "an unholy alliance between the Knowles forces and the anti-John Doe forces is supporting the candidacy of DOMINIC FRINZI."

(b) "The price apparently is Knowles' support to weakening the anti-gambling laws of Wisconsin."

(c) That "DOMINIC FRINZI, by stating that he is considering running as an independent has thrown away all pretense at being a Democrat."

It is sufficiently alleged that the matter was false and made with a malicious purpose to affect his standing as a Democratic Party candidate in the primary election and

to discredit and impugn the integrity of Frinzi as an individual and his professional standing and reputation. Damages, both compensatory and punitive, were prayed for.

The one question raised and which is the only one argued or briefed is whether the alleged statements are capable of conveying a defamatory meaning to the minds of the public and particularly whether the meaning attributable to the statements by Frinzi might be fairly ascribed to them under the circumstances. *Martin v. Outboard Marine Corp.* (1962), 15 Wis. (2d) 452, 113 N. W. (2d) 135; *Downer v. Tubbs* (1913), 152 Wis. 177, 139 N. W. 820; *Woods v. Sentinel-News Co.* (1935), 216 Wis. 627, 258 N. W. 166. To sustain the demurrer, it must be determined as a matter of law that the language complained of is incapable under the circumstances pleaded of harming the reputation of Mr. Frinzi so "as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Restatement, 3 Torts, Defamation, p. 140, sec. 559.

The older cases define a libel as language which imputed the commission of certain crimes or tended to degrade or disgrace a person generally or to subject one to public distrust, ridicule, or contempt in the community where he had been regarded in high confidence and esteem; [1] or, as language which tends to bring the plaintiff into public hatred, contempt or ridicule or imply or be generally understood to imply reproach, dishonesty, scandal or ridicule. [2]

If the alleged communication is capable of a defamatory meaning, the demurrer must be overruled; and if

---

[1] *De Witte v. Kearney & Trecker Corp.* (1953), 265 Wis. 132, 60 N. W. (2d) 748; *Judevine v. Benzies-Montanye Fuel & Warehouse Co.* (1936), 222 Wis. 512, 269 N. W. 295.

[2] *Bradley v. Cramer* (1884), 59 Wis. 309, 18 N. W. 268; *Hanson v. Temple* (1921), 175 Wis. 349, 185 N. W. 225; *Downer v. Tubbs, supra.*

the language is of such a character that it is capable of a nondefamatory meaning as well as a defamatory meaning, then a jury question is presented whether such communication was understood in fact in a defamatory sense by the persons to whom it was published. *Martin v. Outboard Marine Corp., supra.* If the communication cannot reasonably be considered defamatory or to be so understood, the demurrer must be sustained.

In determining whether language is defamatory, the words must be reasonably interpreted and must be construed in the plain and popular sense in which they would naturally be understood in the context in which they were used and under the circumstances they were uttered. *Meier v. Meurer* (1959), 8 Wis. (2d) 24, 98 N. W. (2d) 411; *Leuch v. Berger* (1915), 161 Wis. 564, 155 N. W. 148. Here, the language must be considered as originating with the state chairman of the Democratic Party during a party primary concerning a party candidate a few days before the primary election. In this case we do not reach any question of fair comment or whether the statement made is protected under the First amendment's constitutional guaranty of free speech as discussed in *New York Times Co. v. Sullivan* (1964), 376 U. S. 254, 84 Sup. Ct. 710, 11 L. Ed. (2d) 686, and *Garrison v. Louisiana* (1964), 379 U. S. 64, 85 Sup. Ct. 209, 13 L. Ed. (2d) 125, or whether the *Times* doctrine applies to a candidate for public office.

We think the language that Frinzi was supported by "an unholy alliance between the Knowles forces and the anti-John Doe forces" is not libelous as a matter of law considered alone or with the second statement that "The price apparently is Knowles' support to weakening the anti-gambling laws of Wisconsin." This language charged Frinzi with being supported by Republican forces supporting Knowles and forces which were against the John Doe investigation. The support is characterized as an unholy alliance. It is argued this language by innuendo

libels Frinzi because he is identified falsely with support from this alliance. But even charging direct membership in such groups would not be libelous. Besides, the price of the alliance is referable to the Knowles forces and not to Frinzi. We do not hold that one may not be libeled by ascribing to him as a candidate for a public office support of a group, membership in which would bring the candidate in public disrepute, hatred or ridicule. One may be libeled by implication and innuendo quite as easily as by direct affirmation. One accused of defamation cannot insist upon a literal reading or his understanding of the language. His intention might go to the question of malice but he is responsible for the understanding his language reasonably conveys to its recipients under the circumstances whether that exact meaning was intended or not. One may not dissect the alleged defamatory statement into nondefamatory parts and thus lose the vital overall meaning. See *Schoenfeld v. Journal Co.* (1931), 204 Wis. 132, 235 N. W. 442; *Martin v. Outboard Marine Corp.*, *supra*. However, on the instant facts the language complained of is not libelous in its direct charge or in any implied meaning.

Frinzi contends the false statement, "Dominic Frinzi, by stating that he is considering running as an independent has thrown away all pretense at being a Democrat," characterizes him as a deceiver, a man unworthy of public confidence, a man having a pretended character and a man who is a premeditated liar. It is argued this statement is clearly libelous because the statement was made by the state chairman of the Democratic Party to injure Frinzi in his candidacy for governor. The statement is partly comment and partly factual. Whether Frinzi said he was considering running as an independent is factual and must be considered false.

Whether by considering running as an independent Frinzi threw away all pretense of being a Democrat is opinion or comment. Considering running as an inde-

pendent or even running as an independent is not libelous. Running as an independent after being defeated in a party primary is not disgraceful or action which should or does hold a person up to public ridicule or contempt. See *Hoan v. Journal Co.* (1941), 238 Wis. 311, 298 N. W. 228. However, the thrust of the statement charges Frinzi with pretending to be a Democrat and the implied assertion he was not or, at least, not a good one. Being charged with being a good, lukewarm or nonmember of a political party is not libelous. We do not think the statement considered as a charge that Frinzi was only pretending to be a Democrat is libelous. It might be argued that such statement would cause some Democrats not to vote for Frinzi in the primary, but unless the statement is libelous on its face it is not made so because of the effect or damage it might have on Frinzi's candidacy. Actual damage does not determine the nature or character of the cause of the injury. The degree of allegiance one has to a political party is not libelous. We think too much meaning is attributed to this statement and one which may not be fairly and reasonably ascribed to the language under the circumstances.

Since the statements complained of are not reasonably capable of being understood by the public under the circumstances as being defamatory, we agree with the trial judge there is no need to grant permission to plead over.

*By the Court.*—Judgment affirmed.