PEARS v. PALLADIUM PUBLISHING COMPANY.

1. LIBEL AND SLANDER—PRIVILEGE—QUESTION OF LAW FOR COURT.
    The question of privilege in an action for libel is one of law for the trial court to determine.

2. SAME—PRIVILEGE—QUESTION FOR JURY.
    The jury is called upon to consider disputed evidence as to privilege and pass upon issues thus raised, but it is for the court to decide whether the facts found by the jury made the occasion privileged or to instruct the jury as to what facts they must find in order to hold the occasion privileged.

3. SAME—CANDIDATES FOR CONGRESS—NEWSPAPER ARTICLE—PRIVILEGE.
    Article in defendants' newspaper which criticized plaintiff, 1 of 4 candidates for Congress, held, properly found by the trial court to have been privileged.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 33 Am Jur, Libel and Slander §§ 296, 339.
[3] 33 Am Jur, Libel and Slander § 169.
[4] 33 Am Jur, Libel and Slander § 169.
    Constitutional aspects of libel or slander of public officials. 95
    ALR2d 1450.
[5] 33 Am Jur, Libel and Slander §§ 252, 256, 290–292.
[6] 33 Am Jur, Libel and Slander § 291.
    58 Am Jur, Witnesses § 555.
[7] 33 Am Jur, Libel and Slander §§ 111, 292.
[8] 33 Am Jur, Libel and Slander §§ 113, 264, 266.

4. Same—Candidates for Public Office—Freedom of Speech—
Public Journals.

Public journals, speakers, and private individuals may express
opinions and indulge in criticism upon the character, habits, or
mental and moral qualifications of candidates for public office,
provided they observe an honest regard for the truth in their
statements of or reference to the fact on which the criticism is
based.

5. Same—Admission and Rejection of Evidence—Bias—Discre-
tion of Court.

Contention of plaintiff that trial court abused its discretion in
its rulings concerning the admission and rejection of testimony
and followed a pattern of bias in rejecting plaintiff's evidence
in suit for libel held, not supported by the record.

6. Trial—Examination of Witnesses—Admission of Evidence—
Discretion of Court.

Scope of examination of witnesses, must be left largely to the
discretion of the trial judge, and so long as that discretion
is fairly exercised, and no evidence is admitted or rejected to
the evident prejudice of either of the parties, the rulings must
be sustained.

7. Libel and Slander—Directed Verdict—Malice—Evidence.

Grant of directed verdict by trial judge in libel action against
newspaper on ground of no showing of malice of defendants
held, proper, under the record presented.

8. Same—Forfeiture of Privilege—Malice—Damages.

The showing of malice required for the forfeiture of a qualified
privilege is not presumed but is a matter for proof by the
plaintiff, and evidence of lack of malice may be introduced to
sustain the privilege in the face of attack upon it, as well as to
mitigate damages should the privilege fall.

Appeal from Berrien; Searl (Fred N.), J.; presid-
ing. Submitted Division 3 November 2, 1965, at
Grand Rapids. (Docket No. 219.) Decided May
24, 1966.

Declaration by Don R. Pears for libel against
Palladium Publishing Company, a Michigan corpo-
ration, and Stanley R. Banyon, editor and pub-

lisher. Judgment for defendants. Plaintiff appeals. Affirmed.

*Jones, Webb & Jones (Burke H. Webb,* of counsel) for plaintiff.

*Charles W. Gore,* for defendants.

J. H. GILLIS, J.  On August 6, 1962, plaintiff instituted an action for libel against the defendant newspaper corporation and its publisher-editor, defendant Stanley Banyon.

The declaration alleged that plaintiff had held various public offices over a long period of years; that he was a member of the Michigan house of representatives from the southern district of Berrien county; and that he was the proprietor of a real-estate and insurance business. It alleged that plaintiff became a candidate for the nomination of the Republican party as a representative to the United States Congress from the fourth congressional district of Michigan.  The other candidates for this nomination, at the August 7, 1962, primary, were Edward Hutchinson, Chester Byrns, and Lee Boothby.

It was further alleged that prior to August 3, 1962, candidate Boothby attacked candidate Byrns by making public a 1948 University of Michigan student newspaper clipping which said Byrns "conducted a World Federalist meeting." The declaration further alleged that defendants had aligned themselves in favor of candidate Byrns and, in an attempt to overcome this attack on Byrns and to injure plaintiff, published an article in their paper under the headline: BOOTHBY-PEAKS ATTACK ON BYRNS EXPOSED AS PHONY BY FAMED PROF.  Plaintiff alleged that he was in no way connected with the disclosures made by candidate

Boothby and that the defendants maliciously attempted to make it appear that plaintiff had aligned himself with Boothby in the "phony" attack on Byrns. The declaration alleged that the headline, article, and innuendos therefrom were wholly false and libelous *per se,* and that the defendants, though requested, had refused to publish a retraction, resulting in great injury to plaintiff's name and reputation.

The defendants answered plaintiff's declaration and by way of affirmative defense alleged that the headline and article were true, privileged, and published without malice.

Trial commenced May 11, 1964, in the Berrien county circuit court before a jury. On May 13, 1964, at the conclusion of plaintiff's proofs, the trial court granted defendants' motion to dismiss on the grounds that the article was qualifiedly privileged and plaintiff had submitted no proofs from which the jury could find the defendants had acted with malice.

Plaintiff appeals, contending that the question of defendants' privilege was a question of fact for the jury; that the court erred in its rulings on the admission of evidence; and that the court erred in directing a verdict for the defendants.

The trial judge, in dictating his opinion from the bench dismissing plaintiff's case, stated: "The question [of privilege] was one of law for the trial court to determine." This states the law as outlined so admirably in the oft cited case of *Lawrence* v. *Fox* (1959), 357 Mich 134, 140, 141, wherein Justice TALBOT SMITH quotes with approval from the Restatement of Torts:

"Whether a privilege exists at all is a question for the court.  *  *  *  If the facts are in dispute, the jury is called upon to consider the evidence and

pass upon the issues thus raised. It is for the court, however, to decide whether the facts found by the jury made the occasion privileged or to instruct the jury as to what facts they must find in order to hold the occasion privileged." 3 Restatement of Torts, § 619, comment *a*.

The trial court in the instant case properly held that the occasion which gave rise to the publication was privileged. As was stated in *Robbins* v. *Evening News Association* (1964), 373 Mich 589, 591, quoting with approval from *Belknap* v. *Ball* (1890), 83 Mich 583, 588 (11 LRA 72, 21 Am St Rep 622):

"Criticism is a discussion, or, as applicable in libel cases, a censure, of the conduct or character or utterances of the person criticised. When one becomes a candidate for public office he thereby deliberately places these before the public for their discussion and consideration. They may be criticised according to the taste of the writer or speaker, and the law will protect them in so doing, provided that in their statements of or reference to the facts upon which their criticisms are based they observe an honest regard for the truth. In such a discussion the law gives a wide liberty. Within this limit public journals, speakers upon the hustings, and private individuals may express opinions, and indulge in criticisms upon the character or habits or mental and moral qualifications of official candidates. Cooley, Torts, p 217. This is the freedom of the press guaranteed by the Constitution, a freedom necessary for the protection of the liberties and the proper enlightenment of the people."

And see the recent decision of the Supreme Court of Wisconsin in *Frinzi* v. *Hanson* (1966), 30 Wis 2d 271 (140 NW2d 259).

Plaintiff further contends the trial court erred in its rulings on the admission of evidence and in directing a verdict for defendants.

The record does not indicate that the trial court abused its discretion in its rulings concerning the admission and rejection of testimony.

"Considerable latitude must be allowed in the examination of witnesses, and much must be left to the discretion of the trial judge, and so long as that discretion is fairly exercised, and no evidence is admitted or rejected, to the evident prejudice of the parties, the rulings must be sustained." *Fick* v. *Runnels* (1882), 48 Mich 302, 304.

And we find no merit to plaintiff's contention that the trial judge followed a pattern of bias in rejecting plaintiff's evidence. The record does not bear this out.

The trial court did not err in directing a verdict for defendants on the ground that no proof was presented from which the jury could find the defendants acted with malice. Again quoting from *Lawrence* v. *Fox, supra,* at pages 146, 147:

"Here, however, we are in the area of qualified privilege. The showing of malice required for the forfeiture of the privilege is not presumed but is a matter for proof by the plaintiff, and evidence of lack of malice (*e. g.* source and bases of information) may be introduced to sustain the privilege in the face of attack upon it, as well as in mitigation of damages should the privilege fall."

The record before us is totally lacking of any proof of malice on the part of the defendants. A finding of malice would be based solely on speculation and conjecture.

The judgment is affirmed. Costs to appellee.

Holbrook, P. J., and Burns, J., concurred.