SCHAEFER, Appellant, v. STATE BAR, Respondent.

*No. 75–313.  Submitted on briefs March 3, 1977.—*
*Decided April 19, 1977.*
(Also reported in 252 N. W. 2d 343.)

The action is for libel. On June 5, 1975, the circuit court entered judgment sustaining the demurrer to the complaint and ordering that the complaint be dismissed upon its merits and with prejudice. The plaintiff, Marilynn H. Schaefer, appeals.

For the appellant the cause was submitted on the briefs of *Marilynn H. Schaefer*, pro se.

For the respondent the cause was submitted on the brief of *Axley, Brynelson, Herrick & Gehl* of Madison.

BEILFUSS, C. J. The issue is whether the statements of the defendant, as alleged by the plaintiff, are not defamatory as a matter of law.

The plaintiff, Marilynn H. Schaefer, is the widow of Ben G. Schaefer. The will of Ben G. Schaefer was admitted to probate on December 9, 1969. The gross estate was approximately $1,400,000. Problems have arisen in the probate proceedings and considerable litigation has resulted.

On December 11, 1972, newspaper articles about the plaintiff-appellant, Marilynn H. Schaefer, appeared throughout the State of Wisconsin. These articles set forth the difficulties she was having in probating the estate of her husband. The headline in the Madison

"Capital Times" stated "Fees Take Half of $1 Million Estate."

In response to these articles the defendant, State Bar of Wisconsin, published a pamphlet entitled "Spotlight on the Truth #1." The pamphlet was the State Bar's response to the articles; it believed the information contained a number of statements or implications which was not accurate nor consonant with the truth. The theme of the pamphlet was that "probate reform" would not solve the problems inherent in the Schaefer estate. It was circulated among members of the legal profession, the legislature, newspapers and "diverse other persons."

Complaints are given a liberal construction in favor of stating a cause of action and are entitled to all favorable inferences which can be drawn from the facts alleged.[1]

Initially, the court has the obligation of deciding whether a communication is capable of a defamatory meaning.[2] The question on appeal is whether the circuit court was correct in holding that, as a matter of law, the publication was incapable of harming Mrs. Schaefer's reputation.[3]

In *Lathan v. Journal Co.*, 30 Wis.2d 146, 152–53, 140 N.W.2d 417 (1966),[4] we stated:

"Defamation has been defined as:
" '. . . that which tends to injure "reputation" in the popular sense; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held, or to excite adverse, derogatory or unpleasant feelings or opinions against him.' Prosser, *supra*, page 756.

---

[1] *Rollie Winter Agency v. First Central Mortgage, Inc.*, 75 Wis.2d 4, 7, 248 N.W.2d 487 (1977).

[2] *Polzin v. Helmbrecht*, 54 Wis.2d 578, 582–83, 196 N.W.2d 685 (1972).

[3] *Waldo v. Journal Co.*, 45 Wis.2d 203, 207–08, 172 N.W.2d 680 (1969).

[4] *Also see Polzin v. Helmbrecht, supra*, n. 2.

"In *Schofield v. Milwaukee Free Press Co.* (1905), 126 Wis. 81, 85, 105 N.W. 227, we held that for a newspaper article to be libelous it '. . . need only tend to degrade or disgrace the plaintiff generally, or to subject him to public distrust, ridicule, or contempt in the community . . . .'

"The Restatement, *supra*, page 140, sec. 559, provides that:

" 'A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.' "

Mrs. Schaefer commenced this libel action on December 11, 1974. She alleged that the pamphlet was defamatory and contained false statements. Specifically, she alleged that the statements made were false and defamatory and made with actual malice or with reckless disregard as to the truth or falsity in utter disregard for her rights.

The statements made by the defendant which the plaintiff alleges to be false and defamatory are set forth (together with her interpretation) in paragraph 12 of her complaint, which is as follows:

"12. That the following statements, incorporated in defendant's article purporting to be a true account of the aforementioned court proceedings were intentionally interpolated by defendant, were statements of defendant's own authorship, but were represented as being facts in the proceedings and records and pertinent to the issues therein:

"(a) 'Mrs. Schaefer was much younger than her husband, and was of a different religion than he and his family.' (Meaning that plaintiff had ulterior motives and was an opportunist who had married her husband only for pecuniary gain).

"(b) 'Assuming that the cause of all this litigation over this estate was caused by Mrs. Schaefer's dissatisfaction with incomplete ownership or control over a substantial share of the estate, there was and still may be an easier way for her to proceed.' (Meaning that the plaintiff had no legitimate reason for any of the litigation, that it was only a greed for money on her part).

"(c) 'The widow is now utilizing her seventh set of attorneys.' (Meaning that the defendant had made ill use of her attorneys)."

The State Bar demurred to this complaint and the demurrer was sustained. The court held that the verbiage of the publication "is not such that an ordinary reasonable person could find it defamatory to the plaintiff," and "[t]he plaintiff reads into the entire 'Spotlight' document more than is objectively there."

On ruling on demurrer to a complaint in a libel or slander action as to whether the statements alleged are defamatory, we apply the following test:

"If the alleged communication is capable of a defamatory meaning, the demurrer must be overruled; and if the language is of such a character that it is capable of a nondefamatory meaning as well as a defamatory meaning, then a jury question is presented whether such communication was understood in fact in a defamatory sense by the persons to whom it was published. *Martin v. Outboard Marine Corp., supra.* If the communication cannot reasonably be considered defamatory or to be so understood, the demurrer must be sustained." *Frinzi v. Hanson,* 30 Wis.2d 271, 275–76, 140 N.W.2d 259 (1966).

Mrs. Schaefer contends the statement that she was much younger than her husband and of a different religion than he and his family meant that she was an opportunist who married only for pecuniary gain.

If this statement was false, as we must now assume, we conclude it was not defamatory per se. Contra, we cannot say as a matter of law that the statement could not reasonably be considered defamatory or to be so understood. It is our opinion the statement, if false, is capable of defamatory meaning in the context in which it was made as well as a nondefamatory meaning. A jury question is therefore presented as to whether the

statement made was understood in a defamatory sense by persons to whom it was published.[5]

The second statement alleged to be libelous is—"Assuming that the cause of all this litigation over this estate was caused by Mrs. Schaefer's dissatisfaction with incomplete ownership or control over a substantial share of the estate, there was and may be an easier way for her to proceed." We conclude this statement cannot reasonably be considered defamatory or so understood by the persons to whom it was communicated.

The third statement, to wit—"The widow is now utilizing her seventh set of attorneys" falls in the same class as the first. Even if the statement is false, employing seven "sets" of attorneys may not be defamatory and usually would not be. However, in construing the complaint liberally, as we must, we cannot hold that in the context and circumstances of the case the statement could not reasonably be considered defamatory.

We conclude the demurrer should have been overruled as to the first and third statements. Although we overrule the demurrer, we are well aware that plaintiff might have a difficult task in meeting a motion for summary judgment or in obtaining a sustainable verdict. If the statements were true it is an absolute defense. Because Mrs. Schaefer has made this a public issue or matter of public concern, she must prove actual malice or a reckless or careless disregard for the truth.[6]

We do not reach the question of whether the complaint states a cause of action for invasion of privacy for the

[5] *D'Amato v. Freeman Printing Co.,* 38 Wis.2d 589, 594, 157 N.W.2d 686 (1968).

[6] *Polzin v. Helmbrecht, supra,* n. 2; *Waldo v. Journal Company, supra,* n. 3; *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 337 (1974); *Curtis Publishing Co. v. Butts,* 388 U.S. 130 (1967); *Rosenbloom v. Metromedia, Inc.,* 403 U.S. 29 (1971).

reason Wisconsin does not recognize a cause of action for invasion of privacy without a specific intention to inflict harm.[7]

*By the Court.*—Judgment reversed.

---

[7] *Slawek v. Stroh,* 62 Wis.2d 295, 315, 215 N.W.2d 9 (1974); *Alsteen v. Gehl,* 21 Wis.2d 349, 356–57, 124 N.W.2d 312 (1963).