HIRAM L. FONG, JR., Plaintiff-Appellee, *v.* KEN MERENA, Defendant-Appellant

NO. 7261

CIVIL NO. 49756

DECEMBER 30, 1982

RICHARDSON, C.J., LUM AND NAKAMURA, JJ., AND RETIRED JUSTICES OGATA AND MENOR ASSIGNED TEMPORARILY

*Per Curiam.* This is an appeal brought by defendant-appellant Ken Merena (hereinafter "Merena") from the judgment of the circuit court entered in favor of plaintiff-appellee Hiram L. Fong, Jr. (hereinafter "Fong"). Fong, then a candidate for re-election to the State House of Representatives, sued Merena for an alleged libel arising from the publication of a sign in the month prior to the 1976 general election. At the time of the publication Merena was a steelworker with a bachelor of arts degree. The sign was prepared by his wife at his direction.

On September 23, 1976, Merena began displaying the sign in various areas in Makiki and in front of his home. The sign read:

USHIJIMA/FONG
VOTED "YES"
PENSION/PAY RAISE

On October 22, 1976, Fong filed a complaint in circuit court alleging, *inter alia,* that the implication that he voted for the pension bill was false and misleading, that it injured his reputation for honesty and integrity, and that it was therefore defamatory. Merena filed an answer in which he denied that the statement contained in the sign was defamatory and filed a counterclaim alleging that Fong's defamation action constituted an abuse of process. Both the pension and pay raise bills which were introduced at the 1975 session of the legislature had been the subject of widespread public discussion and controversy.[1] There was much public opposition to the proposed legislation, especially the legislative pension bill. Fong voted for the pay raise bill but not the pension bill.

Both parties filed motions for summary judgment. The circuit court, in denying Merena's motion for summary judgment, decided that the question as to whether the publication was reasonably susceptible of a defamatory interpretation required a trial. At the same time, the lower court granted Fong's summary judgment motion on Merena's counterclaim that the filing constituted an abuse of process. At the close of the non-jury trial, the lower court concluded that Merena's sign was defamatory and that the sign was published with actual malice. The trial court specifically found that "Plaintiff [Fong] was damaged by Defendant's publication in that his esteem was lowered in the eyes of the public and he was injured in his office, position, and employment." It then awarded Fong nominal damages in the sum of $1.00.

---

[1] In Schermerhorn v. Rosenberg, 73 A.D.2d 276, 284 , 426 N.Y.S.2d 274, 282 (1980), the court pointed out that whether a communication is defamatory "depends, among other factors, upon the temper of the times, the current of contemporary public opinion, with the result that words, harmless in one age, in one community, may be highly damaging to reputation at another time or in a different place."

## I.

We address first Merena's appeal from the judgment awarding Fong his damages.

Although Merena's publication was reasonably susceptible to a defamatory interpretation,[2] we nevertheless find that actual malice on his part has not been shown. In an action by a public official for defamation, actual malice must be proven with clear and convincing clarity. *New York Times* v. *Sullivan,* 376 U.S. 254 (1964); *Hoke* v. *Paul,* 65 Haw. 478, 653 P.2d 1155 (1982); *Tagawa* v. *Maui Publishing Co.,* 49 Haw. 675, 427 P.2d 79 (1967), *appeal after remand,* 50 Haw. 648, 448 P.2d 337, *cert. denied,* 396 U.S. 822 (1968). Where the evidence shows that the defendant made the defamatory statement knowing that it was false or made it with reckless disregard of whether it was false or not, then actual malice will have been proven. *Id.*

The mere defamatory character of the publication, however, will not suffice to prove actual malice. *Rodriguez* v. *Nishiki,* 65 Haw. 430, 653 P.2d 1145 (1982). Neither will mere investigatory failure provide sufficient support for a finding of malice. *Id.*

Fong points out that Merena knew that Fong did not vote for the pension bill. He also points out that Merena considered the pension bill to be a reprehensible piece of legislation. Merena does not deny these allegations but contends that it was his intent to portray Ushijima as voting for the pension bill and Fong as voting for the pay raise bill. He takes the position that there was nothing wrong with the sign at all. He testified:

> I considered it carefully and I reaffirmed in my own mind that I had constructed the sign correctly and the contents of the sign were correct.

By the foregoing statement, Merena meant that by inserting the virgule (diagonal symbol) between the names "USHI-

---

[2] A communication is defamatory when it tends to "harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Restatement (Second) of Torts, § 559 (1976).

JIMA" and "FONG" and between the words "PENSION" and "PAY RAISE," he had accurately conveyed the message that Ushijima had voted for the pension bill and Fong had voted for the pay raise legislation. He offered the testimony of Dr. Jacobs, a linguistic expert, for the purpose of supporting him in his interpretation of the meaning and import of the sign in question. This offer was refused by the trial court. We think that the trial court should have allowed Dr. Jacobs to testify, inasmuch as it would have been relevant upon the issue of Merena's intent.

In any event, we think that the evidence in this case, considered as a whole and giving full play to the right of the trier of fact to pass upon the credibility of the witnesses and to weigh the evidence, did not rise to the level of the "clear and convincing proof" required to establish the element of actual malice in a defamation action brought by a public official. It has not been clearly and convincingly shown that in making the publication, Merena believed that it was false. On the contrary, he claims that it was accurate, and depending on how one views the sign there is merit to his contention. The fact that it could have been construed otherwise is not, we think, sufficient to prove that Merena acted with actual malice. For as we earlier pointed out, the mere defamatory character of the publication is not proof of actual malice. *Rodriguez* v. *Nishiki, supra.* Accordingly, we reverse the judgment entered in favor of Fong and against Merena.

## II.

With respect to Merena's appeal from the order granting summary judgment to Fong on Merena's counterclaim based on alleged abuse of process, we find the same to be without merit. Accordingly, we affirm the summary judgment entered in favor of Fong on this issue.

Reversed in part and affirmed in part.

*John F. Schweigert* for defendant-appellant.

*Kenneth G. H. Hoo* (*Fong, Miho & Robinson* of counsel) for plaintiff-appellee.