SCHOENFELD, Appellant, vs. THE JOURNAL COMPANY, Respondent.

*February 11—March 10, 1931.*

134

*W. K. Parkinson* of Phillips, for the appellant.

For the respondent there was a brief by *Miller, Mack & Fairchild,* and oral argument by *Paul R. Newcomb,* all of Milwaukee.

NELSON, J. The plaintiff contends that the court erred in refusing to award judgment for the plaintiff upon the undisputed evidence for the amount of damages assessed by the jury notwithstanding the verdict of the jury which found the entire article as published not libelous. The basis of plaintiff's contention is that the language found in the headlines, "Warrant for Pastor in Fur Thefts. Church Organ Cached Loot at Park Falls," was libelous *per se* and was not a fair index of the concededly privileged article following.

While no warrant charging plaintiff with larceny had been issued, it is undisputed that, prior to the 7th day of February, 1930, a warrant had been issued which charged the plaintiff with illegal possession of furs.

The unsoundness of plaintiff's contention is apparent when the language complained of, standing alone and apart from the entire article, is given consideration. Even assuming that it is susceptible of the meaning that some pastor at Park Falls had been named in a larceny warrant, there is nothing in these headlines to identify plaintiff as being such pastor. It is well settled that defamatory words must refer to some ascertained or ascertainable person and that that person must be the particular plaintiff. Statements are not libelous unless they refer to some ascertained or ascertainable person. *Arnold v. Ingram,* 151 Wis. 438, 138 N. W. 111; Newell, Slander & Libel (2d ed.) p. 256, § 17; *Watson v. Detroit Journal Co.* 143 Mich. 430, 107 N. W. 81; *Ryckman v. Delavan,* 25 Wend. (N. Y.) 186; 36 Corp. Jur. p. 1158.

In *Arnold v. Ingram, supra,* this court approved of the following language quoted from Newell, Slander & Libel (2d ed.) p. 256:

"The defamatory words must refer to some ascertained or ascertainable person, and that person must be the plaintiff. If the words used really contain no reflection on any particular individual, no averment or innuendo can make them

defamatory. 'An innuendo cannot make the person certain which was uncertain before.' "

There is authority to support, or tending to support, the contention of the plaintiff that headlines may be libelous and the whole libel may be included in the headlines preceding an otherwise privileged article, or considered in connection therewith (*Shubert v. Variety, Inc.* 128 Misc. 428, 219 N. Y. Supp. 233; *Brown v. Globe Printing Co.* 213 Mo. 611, 112 S. W. 462; *Landon v. Watkins,* 61 Minn. 137, 63 N. W. 615; *Hayes v. Press Co. Ltd.* 127 Pa. St. 642, 18 Atl. 331; *Jones v. Pulitzer Publishing Co.* (Mo. App.) 195 S. W. 80; *Express Publishing Co. v. Lancaster* (Tex. Civ. App.) 270 S. W. 229); but the headlines here complained of were not libelous. Had the headlines been as follows: "Rev. Schoenfeld of Park Falls Charged with Larceny of Furs," or "Warrant for Congregational Minister at Park Falls Charges Larceny of Furs," we would have a somewhat different situation, because the plaintiff's name would then have appeared in the headlines and the plaintiff would be the clearly ascertained or ascertainable person of whom such headline was written and published.

Considering the entire article as one document and construing the headlines and article together, as we feel bound to do, it clearly appears that the whole article did not convey the meaning that the plaintiff was charged with larceny of furs; that he was under arrest for such crime, or that he had hidden or secreted· such stolen furs in the church organ. The plaintiff's name is not mentioned in the headlines nor is there anything in the headlines by which the plaintiff is identified as the ascertained or ascertainable person. The very first paragraph of the article mentions the plaintiff's name, but plainly and specifically states that the warrant charged him "with possession of illegal furs." The third paragraph states the claim of Mr. Schoenfeld that the furs "were legally caught" and that he could produce the

man who trapped them. The fourth paragraph publishes the name of the person who had confessed to the stealing of the furs. The sixth paragraph states the evidence upon which the warrant against the plaintiff was obtained. In paragraph eight the claims of the plaintiff as to the falsity of the charges are rather fully set forth.

The jury having found that a person of average intelligence, reading the entire article, would not naturally understand therefrom that the plaintiff was charged with the crime of larceny; that a warrant for his arrest upon such charge had been issued, and that the plaintiff had hidden or secreted such stolen furs in the church organ in his church at Park Falls, and it clearly appearing that the jury was justified in so finding, nothing further need be said.

Some complaint is made by the plaintiff as to the form of the question submitted to the jury. It is contended that the question is defective because of its duplicity. But one question was submitted to the jury as follows:

"Question: Would a person of average intelligence reading the entire article, Exhibit one, published in the defendant's paper on February 7, 1930, naturally understand that the plaintiff was charged with the crime of larceny, that is, stealing of furs, and that a warrant for his arrest upon such charge had been issued, and that the plaintiff had hidden or secreted such stolen furs in the church organ in his church at Park Falls."

The complaint alleged that the article meant "that the plaintiff was charged with the crime of larceny of furs and that a warrant for his arrest upon such charges had been issued, and that the plaintiff had hidden or secreted such stolen furs in the church organ of his church at Park Falls." The gist of the plaintiff's claim is that the article states that he was charged with the crime of larceny of furs instead of stating that he was charged with the possession of illegal furs. It quite clearly appears that the alleged falsity of the article lay in the claim that the plaintiff was charged with

larceny. From the record it appears that the one important issue of fact in the case was whether the article charged the plaintiff with larceny of furs. The court specifically instructed the jury as to the important issues in the case and the jury could not have misunderstood the nature of the issue upon which they were passing. In order that the jury might give a negative answer to the question submitted, it must have been satisfied that the article, considered as a whole and in its entirety, would not have been understood by a person of average intelligence to state that the plaintiff was charged with the crime of larceny. The other matters in the verdict dealing with the warrant issued upon such charge and with the hiding of such stolen furs fail, or are effective solely as the charge is or is not that of larceny of furs. We are of the opinion that the jury could not have been misled by the verdict submitted to it to the prejudice of the plaintiff. The jury having found that the article as a whole was not libelous, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.