PUHR, Respondent, vs. PRESS PUBLISHING COMPANY, Appellant.

*October 23—November 26, 1946.*

For the appellant there were briefs by *Werner, Clemens & Miller* of Sheboygan and *Quarles, Spence & Quarles* of Milwaukee, attorneys, and *Kenneth P. Grubb* and *Henry S. Reuss*, both of Milwaukee of counsel, and oral argument by *Mr. Grubb* and *Mr. A. Matt. Werner*.

For the respondent there was a brief by *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann*.

ROSENBERRY, C. J.    From the plaintiff's complaint it appears that the plaintiff is the judge of the municipal court of Sheboygan, which office he has held for the last eighteen years; that the defendant is the publisher of the Sheboygan Press, one hundred sixty-six copies of which are circulated in Milwaukee county.    It appears that in connection with the interview published in the Sheboygan Press a cut was published which is reproduced herewith.

# 719 New York Ave.

—Press Photo.

*Where Judge E. H. Puhr absorbs the law which he hands out in Municipal court or where he spends most of his time.*

No part of the interview with the plaintiff had by a representative of the defendant is claimed to be libelous. The following are the allegations of the complaint:

"That at all times herein mentioned and for many years last past, the building referred to in said article as 719 New York avenue is and was a tavern known generally to the public as Keppler's tavern.

"That the Judge E. H. Puhr referred to in said Exhibit A is this plaintiff and that the defendant intended to and did convey to its readers by the text of Exhibit A, the fact that this plaintiff was the person therein referred to and it was so understood by the readers of said newspaper.

"That in said article hereto annexed and marked Exhibit A, the defendant stated of and concerning the plaintiff:

" 'Where Judge E. H. Puhr (meaning the plaintiff) absorbs the law which he hands out in municipal court and where he spends most of his time' meaning thereby that this plaintiff as municipal judge studies law and prepares his cases in said tavern or that he spends most of his time there, and that said statement was so understood by the readers of said newspaper to have such meaning as aforesaid.

"That said statement was false and untrue, and upon information and belief was maliciously published by the defendent of and concerning the plaintiff for the purpose of exposing him to public ridicule, scorn and contempt and such statement did cause the plaintiff to be exposed to such public ridicule, scorn and contempt."

From the affidavit submitted by the defendant in support of its motion for summary judgment, it appears that Lester E. Grube was a duly elected justice of the peace in Sheboygan county, who maintained his courtroom at all times material in this case on the second floor of the building known as 719 New York avenue in the city of Sheboygan. In an editorial in the Sheboygan Press published September 21, 1943, it was said that the municipal judge had stated that he was relying on the decision of a justice of the peace, who was not a lawyer, and suggested that the municipal court might as well be held in the chambers of the Justice of the Peace Grube, referring to

the building at 719 New York avenue in which Justice Grube had his chambers; that the picture and caption in question was published on September 23, 1943; that the picture contained a superimposed arrow pointing to the sign of Justice of the Peace Grube which is clearly visible.

There are further allegations which it is not necessary to consider upon this appeal.

The defendant contends here that the photograph with the comment and the superimposed arrow pointing to Grube's name, (1) is incapable of supporting the innuendo attached to it by the allegations of the plaintiff's complaint; (2) that the publication is privileged, (a) as criticism of a public officer; (b) as having to do with law enforcement.

The plaintiff contends that whether the photograph and comment complained of support the innuendo is a question of fact for the jury. In opposition to the motion for summary judgment, the plaintiff filed affidavits stating that the testimony of witnesses would be offered to the effect that it was so understood by third parties and for that reason the motion was properly denied.

On the other hand, the defendant contends it is a question of law for the court and that the court erred in denying defendant's motion.

It has been the law of this state since 1871 that in an action for libel whether the language complained of could fairly and reasonably be interpreted as alleged in the innuendo is a question of law for the court. *Filber v. Dautermann* (1871), 28 Wis. 134; *Woods v. Sentinel-News Co.* (1935) 216 Wis. 627, 258 N. W. 166; *Hoan v. Journal Co.* (1941) 238 Wis. 311, 298 N. W. 228; *Luthey v. Kronschnabl* (1942), 239 Wis. 375, 1 N. W. (2d) 799.

We have recently gone over this matter so thoroughly that further discussion does not seem necessary. All that remains to be done is to apply the law to the language of the complaint in this case.

The question is, Does the photograph headed 719 New York ave., together with the language below it, fairly and reasonably charge that the plaintiff spends most of his time in the saloon which occupies the lower part of the building, where he absorbs the law which he hands out in municipal court? If no arrow had been superimposed upon the photograph, it might be an open question whether the photograph and statement connected with it might be reasonably interpreted as ascribing to the plaintiff the habit of spending his time in the saloon, but with the arrow pointing not toward the saloon but toward the sign of Lester E. Grube, justice of the peace, and upward toward the rooms occupied by him, it is considered that the meaning ascribed by plaintiff to the photograph and the language complained of is not one fairly and reasonably to be ascribed to it. Reference to the fact that the place referred to is the place where the plaintiff absorbs most of the law he hands out in municipal court seems to rebut conclusively the interpretation sought to be placed upon it by the plaintiff. The law is dealt with in the chambers of the justice of the peace which are clearly pointed out. It requires a strained and unnatural construction to infer from the photograph and comment in connection therewith that the defendant charged that the plaintiff absorbed law in the saloon.

In opposition to the motion for summary judgment, the plaintiff filed an affidavit by himself and Lester E. Grube. From these affidavits and from the adverse examination of the plaintiff, it appears that the plaintiff was in the habit of going to the Keppler tavern several times a week; that he played skat there a couple or three times a week. Persons familiar with the habits of the plaintiff might very readily interpret the photograph and comment as indicating that the plaintiff spent his time in the saloon, but the inference would be based not on the photograph and comment but on the knowledge that the person had of the plaintiff's habits. In any event, it is the duty of the court to determine from the publication itself whether it

bears the interpretation given to it by the plaintiff in his complaint. The court is not aided in this determination by the affidavits of third parties as to how they or other persons interpreted it.

It is our conclusion, after careful consideration, that the publication does not bear the meaning ascribed to it by the plaintiff in his complaint and for that reason the motion for summary judgment dismissing plaintiff's complaint should have been granted.

*By the Court.*—The order appealed from is reversed, and cause remanded with directions to enter judgment in accordance with this opinion.