WALDO and others, Appellants, v. THE JOURNAL COMPANY and another, Respondents.

*No. 9. Argued November 25, 1969.—Decided December 19, 1969.*
(Also reported in 172 N. W. 2d 680.)

204

206

For the appellants there were briefs by *Stan T. Pelecky* and *Grant D. Waldo,* both of Milwaukee, and oral argument by *Mr. Pelecky.*

For the respondents there was a brief by *Foley, Sammond & Lardner* and *James P. Brody,* all of Milwaukee, and oral argument by *Mr. Brody.*

WILKIE, J. One issue is dispositive of this appeal. It is whether the language complained of could reasonably be construed in its proper context as being defamatory to the plaintiffs.

We must first consider whether the language complained of is defamatory within the meaning of the Restatement test which this court has often quoted with approval: [2]

"A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." [3]

To sustain the demurrer, it must be determined as a matter of law that the language complained of is incapable, under the circumstances pleaded, of harming

[2] *See Ranous v. Hughes* (1966), 30 Wis. 2d 452, 460, 141 N. W. 2d 251, and cases cited therein; *Lathan v. Journal Co.* (1966), 30 Wis. 2d 146, 153, 140 N. W. 2d 417.

[3] Restatement, 3 *Torts,* p. 140, sec. 559. *See also* Prosser, *Law of Torts* (hornbook series, 3d ed.), p. 756, sec. 106.

the reputation of the plaintiffs as defined within the above-quoted test.[4]

In determining whether the language complained of is defamatory, the words must be reasonably interpreted and must be construed in the plain and popular sense in which they were used and the circumstances under which they were uttered.[5] The demurrer only admits that the words were published as alleged, not the meaning which the plaintiffs have given to them.[6]

This court has said:

"If the alleged communication is capable of a defamatory meaning, the demurrer must be overruled; and if the language is of such a character that it is capable of a nondefamatory meaning as well as a defamatory meaning, then a jury question is presented whether such communication was understood in fact in a defamatory sense by the persons to whom it was published. . . . If the communication cannot reasonably be considered defamatory or to be so understood, the demurrer must be sustained." [7]

As is often true in cases such as this, the difficulty is not so much to ascertain the law as correctly to apply it.

The plaintiffs contend that the editorial was libelous to them in two respects: (1) By characterizing their tax-payers' suit as ". . . a sort of nuisance action, apparently meant to harass the city administration, in part at least," and (2) by referring to the silencing of "lingering doubters and complainers . . . ."

Appellants and respondents agree that the editorial must be considered as a whole in determining whether

---

[4] *Lathan v. Journal Co., supra,* footnote 2, at page 153.

[5] *Frinzi v. Hanson* (1966), 30 Wis. 2d 271, 140 N. W. 2d 259; *Meier v. Meurer* (1959), 8 Wis. 2d 24, 98 N. W. 2d 411; *Leuch v. Berger* (1915), 161 Wis. 564, 155 N. W. 148.

[6] *Meier v. Meurer, supra,* footnote 5, at page 30; *Kassowitz v. Sentinel Co.* (1938), 226 Wis. 468, 476, 277 N. W. 177.

[7] *Frinzi v. Hanson, supra,* footnote 5, at pages 275, 276.

the language contained therein is defamatory.[8] Considering the entire editorial here, it is difficult to understand how any defamatory meaning could be ascribed to the words objected to. In fact, even considering the words alone, they would not appear to be defamatory, notwithstanding the detailed and involved definition and derivation of the words "nuisance" and "harass" as set out in the plaintiffs' briefs.

The trial court, in sustaining the demurrer, said, *inter alia:*

"The comment in the second paragraph that the suit was 'a sort of nuisance action' is an expression of opinion of the writer about the suit, namely, that he didn't think it had great merit. A 'nuisance' is ordinarily and in a popular sense thought of as something being irritating and a 'nuisance suit' as one having little value but nonetheless an irritant. . . . The judge had just ruled that the facts alleged in the complaint [in the taxpayers' suit] were not sufficient to constitute a cause of action. No innuendo can establish that this phrase is a statement that plaintiffs knew or felt the action was without merit when commenced or even that it had no merit and certainly is not capable of being understood as ascribing a bad motive in bringing the action.

"The next comment in the second paragraph that the suit was 'apparently meant to harass the city administration in part at least' likewise is an expression of opinion. The phrase, 'in part at least', indicates that even in his opinion the suit was brought for reason or reasons in addition to harass the city administration. Even though this comment expresses an opinion that part of the motivation or reason for the suit was harassment, it falls far short of conveying the meaning that the suit had no chance of success from the beginning and that the plaintiffs knew it and had had low motives in bringing the suit. Any suit is either with or without merit and either a harassment or not depending upon whose glasses are being looked through or whose opinion is being given or sought."

---

[8] *See Schoenfeld v. Journal Co.* (1931), 204 Wis. 132, 235 N. W. 442.

This is an entirely correct and reasonable interpretation of the phrase "sort of nuisance action, apparently meant to harass the city administration, in part at least." It is not unreasonable to say that every lawsuit tends to harass the defending party, and if the defending party should be victorious it is not unusual to describe the other side's action as a nuisance. To impart any defamatory meaning to these words would result in a strained and unnatural construction,[9] and give effect to innuendoes that are neither apparent directly from the language nor arise by clear implication.[10] Nothing in this language could reasonably be construed as harming the reputation of the plaintiffs, lowering them in the estimation of the community, or deterring third persons from associating or dealing with them.

Similarly, the phrase "lingering doubters and complainers" cannot reasonably be construed as being defamatory. The trial court well said concerning this phrase:

"I can find nothing defamatory in the use of the words 'lingering doubters and complainers.' That the plaintiffs were both doubters and complainers is manifest (and successful ones too) but these words convey no defamatory meaning either in themselves or reading them in context with the paragraph in which they are located or in the entire editorial. The sense of the sentence conveys the meaning that the suit itself may now have the desirable effect of silencing all those who doubt and complain of the law and the further purpose of putting the law to wider immediate use."

Plaintiffs argue that sustaining the demurrer in this case would have the effect of deterring future beneficial taxpayer suits since it would give newspapers permission to defame initiators of taxpayers' suits with impunity. This argument is wide of the mark. Even if a nexus

---

[9] *See Puhr v. Press Publishing Co.* (1946), 249 Wis. 456, 461, 25 N. W. 2d 62.

[10] *See Luthey v. Kronschnabl* (1942), 239 Wis. 375, 1 N. W. 2d 799.

between the bringing of a taxpayer's suit and the knowledge that a plaintiff in such suit would be protected from defamation were assumed, a decision adverse to the plaintiffs in the instant case would not jeopardize taxpayer suits' favored position. Only if the instant plaintiffs' premise is accepted, *i.e.*, that the words of this editorial are defamatory, could an adverse decision be possibly interpreted as a deterrent. There simply was no defamation here. Had there been, whether it related to plaintiffs in a taxpayers' suit or in an ordinary suit, redress could still be achieved through a properly pleaded libel action.

We conclude that the words complained of here cannot in any ordinary meaning be reasonably construed as being defamatory. The trial court must be affirmed in sustaining the demurrer.

*By the Court.*—Judgment affirmed.

HANLEY, J., took no part.