WOZNIAK, Respondent, v. LOCAL 1111 OF THE UNITED ELECTRICAL, RADIO & MACHINE WORKERS OF AMERICA (UE) and others, Appellants.

*No. 58. Argued January 8, 1970.—Decided February 3, 1970.*
(Also reported in 173 N. W. 2d 596.)

For the appellants there was a brief by *Podell & Ugent* of Milwaukee, and oral argument by *Alvin R. Ugent.*

For the respondent there was a brief by *Richman & Love* of Milwaukee, and oral argument by *Martin E. Love.*

HANLEY, J. The following issue is raised by this appeal: Did the trial court err in denying defendants' motion for summary judgment?

In *Martin v. Outboard Marine Corp.* (1962), 15 Wis. 2d 452, 461, 113 N. W. 2d 135, this court stated:

". . . It is the function of the court to determine in the first instance whether a communication published in the form of libel or slander is capable of a defamatory meaning. *Hoan v. Journal Co.* (1941), 238 Wis. 311, 298 N. W. 228; *Luthey v. Kronschnabl* (1942), 239 Wis. 375, 1 N. W. (2d) 799; *Puhr v. Press Publishing Co.* (1946), 249 Wis. 456, 25 N. W. (2d) 62; *Meier v. Meurer* (1959), 8 Wis. (2d) 24, 98 N. W. (2d) 411; *De Husson v. Hearst Corp.* (7th Cir. 1953), 204 Fed. (2d) 234. . . ."

Thus the trial court in denying the motion for summary judgment fulfilled this function when it held that the letters sent to the plaintiff's neighbors were capable of a defamatory meaning. The trial court then stated:

". . . Whether, considered in its entirety, under all the facts and circumstances it conveyed such meaning to those to whom it was published, cannot, in the court's opinion, be determined as a matter of law."

In *Lathan v. Journal Co.* (1966), 30 Wis. 2d 146, 140 N. W. 2d 417, however, this court indicated that if the writing complained of was defamatory, the court must consider the applicability of alleged defenses. It is the defendants' position on this appeal that the allegedly defamatory letter was substantially true. In support of this position they argue that while the term "scab" has many meanings,[1] it was here employed in the context of

---

[1] Webster's New International Dictionary, Second Edition:

"3. *Opprobrious a. Slang.* A dirty, paltry fellow; a scoundrel. b. *Trade-Unionism.* A workman who works for lower wages than, or under conditions contrary to, those prescribed by the trade-union; also, one who takes the place of a workman on a strike. . . ."

Funk & Wagnalls New Standard Dictionary of the English Language:

a labor dispute and must be read in such a context. Reasoning that "scab" in such a context merely describes one who refuses to participate in a strike, they conclude that the statement was substantially true.

This reasoning is predicated upon the defendants' chosen meaning of the term "scab." Yet the trial court declined to accept this or any other meaning as a matter of law. Such was within its authority.

Summary judgment is not a matter of right, and a trial court may deny summary judgment if it determines that the opposite side is entitled to a trial. *Schuster v. Germantown Mut. Ins. Co.* (1968), 40 Wis. 2d 447, 162 N. W. 2d 129, *Zimmer v. Daun* (1968), 40 Wis. 2d 627, 162 N. W. 2d 626. Since all that is necessary to entitle a party to a trial is a showing that the controversy is real and not a sham, considerable discretion is vested in the trial judge. *Schuster v. Germantown Mut. Ins. Co., supra; Urban v. Badger State Mut. Casualty Co.* (1969), 44 Wis. 2d 354, 171 N. W. 2d 422.

We are of the opinion that there is no clear issue of law which is capable of being decided without a factual determination. The trier of fact must determine the meaning which the communication conveyed to its recipients. We agree with the trial court that the case ought to be tried and not disposed of in a summary manner.

*By the Court.*—Order affirmed.

"5. A workman who does not belong to or will not join or act with a labor-union; one who takes the place of a striker; a strikebreaker; rat."

Webster's Collegiate Dictionary, Fifth Edition:

"2. slang. A dirty paltry fellow; a scoundrel. 3. A workman who works for lower wages than, or under conditions contrary to, those prescribed by the trade-union; also, one who takes the place of a striker."

Black's Law Dictionary, Fourth Edition:

"A working man who works for lower wages than or under conditions contrary to those prescribed by a trade union; also one who takes the place of a workingman on a strike. . . ."