DiMiceli, Respondent, v. Klieger, Appellant.

*No. 285.   Argued March 27, 1973.—Decided April 20, 1973.*
(Also reported in 206 N. W. 2d 184.)

362

For the appellant there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee, and oral argument by *John A. Kluwin.*

For the respondent there was a brief by *Ray T. McCann* and oral argument by *Leonard L. Loeb,* both of Milwaukee.

ROBERT W. HANSEN, J.   This is an appeal from an order denying defendant's motion for summary judgment in a libel action. Two issues are raised. Three will be discussed.

*The test.* Not raised, at least at the summary judgment stage, is the question of whether the letter sent was or could be considered defamatory. In this state and else-

where, a communication is defamatory ". . . if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." [1] The test is whether the communication is capable of such meaning. [2] If reasonable men might differ as to whether a communication is defamatory, the question is for the jury. [3] To save a return trip on this issue, we join the trial court in seeing the question here as one for a jury to determine.

*The truth.* Defendant contends that his motion for summary judgment should have been granted because the statements contained in his letter are true. Truth of a statement is a defense in an action for libel. [4] In fact, it is enough if the statement is "substantially true." [5] Since this case is at the summary judgment stage, a definite procedure is to be followed in determining whether there are issues of fact presented which require trial. [6] Steps in that procedure are:

1. Pleadings are to be examined to determine whether a cause of action has been stated, and, if so, whether material issues of fact are presented. [7] If so,—

[1] Restatement, 3 *Torts*, p. 140, sec. 559, accepted and approved in *D'Amato v. Freeman Printing Co.* (1968), 38 Wis. 2d 589, 595, 157 N. W. 2d 686; *Waldo v. Journal Co.* (1969), 45 Wis. 2d 203, 207, 172 N. W. 2d 680; *Ranous v. Hughes* (1966), 30 Wis. 2d 452, 460, 141 N. W. 2d 251; *Lathan v. Journal Co.* (1966), 30 Wis. 2d 146, 153, 140 N. W. 2d 417.

[2] *Wozniak v. Local 1111 of UE* (1970), 45 Wis. 2d 588, 591, 173 N. W. 2d 596. *See also: Lathan v. Journal Co., supra,* at page 153.

[3] Restatement, 3 *Torts*, pp. 304, 305, sec. 614; *Frinzi v. Hanson* (1966), 30 Wis. 2d 271, 276, 140 N. W. 2d 259; *Martin v. Outboard Marine Corp.* (1962), 15 Wis. 2d 452, 113 N. W. 2d 135.

[4] *Lathan v. Journal Co., supra,* at page 158, citing *Williams v. Journal Co.* (1933), 211 Wis. 362, 370, 247 N. W. 435.

[5] *Meier v. Meurer* (1959), 8 Wis. 2d 24, 29, 98 N. W. 2d 411; *Lathan v. Journal Co., supra,* at page 158.

[6] *Marshall v. Miles* (1972), 54 Wis. 2d 155, 194 N. W. 2d 630.

[7] *Id.* at page 160.

2. Affidavits and proof of the moving party are to be examined to determine if a prima facie defense has been established.[8] If so,—

3. Affidavits and proof of the party opposing the motion for summary judgment are to be examined to determine if there are disputed material facts (or undisputed material facts from which reasonable alternative inferences may be drawn) sufficient to entitle the opposing party to go to trial.[9]

In the case before us, we find, exactly as did the trial court, disputes as to material facts sufficient to entitle the plaintiff to go to trial. For example, there is a basic disagreement as to whether or not the plaintiff stated that he would not be available for the patients of the defendant doctor. The statement of a nurse at the hospital is that: ". . . Dr. DiMiceli told me that Dr. Schoeneman should be called, but that he would not come." As to the conversation with the nurse, plaintiff submits an affidavit by a doctor, including the statement that: ". . . at no time, in the presence of affiant, did the plaintiff state that he would not administer anesthetics for the defendant, Dr. Klieger." On the defense of truth, this dispute as to what actually occurred is not peripheral. Since the summary judgment procedure is "not to be a trial on affidavits," [10] such dispute makes entirely proper the trial court's denial of the motion for summary judgment on this point.

*A privilege?* Additionally, defendant contends that his motion for summary judgment should have been granted

[8] *Id.* at page 160.

[9] *Id.* at pages 160, 161.

[10] *Jahns v. Milwaukee Mut. Ins. Co.* (1968), 37 Wis. 2d 524, 530, 155 N. W. 2d 674, stating: "The summary-judgment procedure is not to be a trial on affidavits. A party opposing summary judgment defeats the motion if he shows by affidavits, or other proof, that there are substantial issues of fact or reasonable inferences which can be drawn from the evidence."

because the hospital executive committee was, to quote his brief, "a quasi-judicial body," and the letter sent is therefore "absolutely privileged."

As to judicial proceedings, it is true that defamatory words published or spoken by parties, witnesses and counsel in judicial proceedings are thus privileged when the statements bear a proper relationship to the issues.[11] And such absolute privilege has been extended to quasi-judicial proceedings, including petition to a governor for removal of a sheriff,[12] town board proceedings concerning a tavern license,[13] a complaint to the state real estate brokers' board.[14] Also, it is true that there seems to be "no clear definition" of what constitutes a quasi-judicial proceeding before a quasi-judicial body.[15]

However, we find nowhere cases cited which extend or define a "quasi-judicial body" to come close to including the meeting of the executive committee of the medical staff of a private hospital.[16] The case before us concerns a letter of complaint related to the internal affairs and operation of a private medical facility. It is true that the hospital here was required to have an organized medical staff,[17] and such staff was given

[11] *Jennings v. Paine* (1855), 4 Wis. 372 (*358); *Bussewitz v. Wisconsin Teachers' Asso.* (1925), 188 Wis. 121, 205 N. W. 808; *Spoehr v. Mittelstadt* (1967), 34 Wis. 2d 653, 150 N. W. 2d 502.

[12] *Larkin v. Noonan* (1865), 19 Wis. 93 (*82).

[13] *Werner v. Ascher* (1893), 86 Wis. 349, 56 N. W. 869.

[14] *Schier v. Denny* (1961), 12 Wis. 2d 544, 107 N. W. 2d 611.

[15] *See:* Prosser, *Law of Torts* (hornbook series, 4th ed.), pp. 779, 780, sec. 114.

[16] *Id.* at pages 779, 780. *See:* Annot. (1956), 45 A. L. R. 2d 1296, *Libel and slander: privilege applicable to judicial proceedings as extending to administrative proceedings;* 40–48 A. L. R. 2d Later Case Service, at page 535; 50 Am. Jur. 2d, *Libel and Slander,* pp. 746, 747, 749, 751, secs. 234 and 237; 53 C. J. S., *Libel and Slander,* pp. 169, 170, sec. 104b, What Constitutes Judicial Proceeding.

[17] *See:* 2 Wisconsin Administrative Code, sec. H, 24.04 (1).

jurisdiction in matters of disciplinary procedures for infraction of hospital and medical policies.[18] In terms of the possible impact upon the right to practice medicine or use the facilities of a certain hospital, a public interest is involved.[19] But this falls short of transforming an executive committee of staff members of a private hospital into a quasi-judicial body.

As to the claim of absolute privilege, this court has held that even school board members ". . . do not fall within the category of high ranking executive officials of government whose defamatory acts should be accorded absolute privilege. . . ."[20] In that case this court discussed the "competing values" that exist as to ". . . determining the scope of the privilege to be accorded public officials while acting in an executive or administrative capacity. . . ."[21] Here we do not reach, much less cross, the threshold of finding the committee, which here received the defendant's letter, to be a "quasi-judicial body." It is not such, and the letter sent to it by a staff member can not be accorded "absolute privilege" as is here sought.

On this record and on the issues raised, the trial court properly denied defendant's motion for summary judgment.

*By the Court.*—Order affirmed.

---

[18] *See:* 2 Wisconsin Administrative Code, sec. H, 24.04 (1) (a) 2.

[19] *See: Johnson v. Ripon* (1951), 259 Wis. 84, 47 N. W. 2d 328.

[20] *Ranous v. Hughes, supra,* at page 467.

[21] *Id.* at page 466.