Tanya THOMPSON, Plaintiff,

v.

E. C. KIEKHAEFER and Kiekhaefer Aero-
marine Motors, Inc., a Wisconsin Corpo-
ration, Defendants and Third-Party
Plaintiffs,

v.

Donald V. THOMPSON, Third-Party
Defendant.

No. 74–C–5.

United States District Court,
E. D. Wisconsin.

April 13, 1976.

Charles J. Lindberg, Minneapolis, Minn.,
for Tanya Thompson.

Edwin F. Bush, Jr., Gibbs, Roper & Fi-
field, Milwaukee, Wis., for defendants and
third-party plaintiffs.

Asa E. Buttrick, Minneapolis, Minn., for
third-party defendant.

MEMORANDUM and ORDER

WARREN, District Judge.

This is an action whereby the plaintiff
named above seeks to recover compensatory
and punitive damages from both or each of
the principal defendants, all as a conse-
quence of the alleged publication of certain
oral and written statements that are
claimed to be slanderous and libelous, re-
spectively. The accused defendants have
filed a third-party complaint seeking judg-
ment against the third-party defendant to
the extent that they themselves may be
adjudged to be liable to the plaintiff.

Jurisdiction over the principal case exists by virtue of the complete diversity of the citizenship of the parties and the fact that over $10,000 is in controversy. *See*: 28 U.S.C. § 1332. Jurisdiction over the third-party action arises through the doctrine of ancillary jurisdiction: the claims among all parties emerge from a common aggregate of facts, and the third-party defendant may be liable to the principal defendants for all or part of the plaintiff's claims against them. *See*: Rule 14(a), Federal Rules of Civil Procedure; 6 Wright & Miller, Federal Practice and Procedure: Civil § 1444 (1971 ed.).

Counsel for both the principal defendants and the third-party defendant have filed a motion for summary judgment pursuant to rule 56 of the Federal Rules of Civil Procedure. This memorandum opinion is to resolve these two pending matters.

### I.

From the written record before this Court, it appears that the father of plaintiff, one Donald V. Thompson, was formerly employed by the defendant Kiekhaefer Aeromarine Motors, Inc. After his separation from the company, he made a claim to the Wisconsin Unemployment Compensation Division in an effort to obtain unemployment compensation. On May 29, 1973, the defendant E. C. Kiekhaefer wrote a letter to the Division in regard to Thompson's prior separation. The essence of the letter was that Thompson had spent much time away from his job on various matters unrelated to the company's business. One of the eleven paragraphs of this letter is alleged to refer to the plaintiff Tanya Thompson and a fire occurring on February 20, 1972. This paragraph reads as follows:

"With time, a problem developed with his [Donald V. Thompson's] college age child living in the house at Brainerd, requiring further trips. Eventually there was a fire and numerous trips again ensued on matters of investigation as to the cause of the fire. Drugs were suspected which compounded the insurance settlement problems, then of course, followed by the sale of the damaged buildings. For a number of reasons the ready sale of the damaged house required further extensive trips."

The plaintiff's cause of action for libel is based upon the foregoing statement.

### II.

■ The primary purpose of a motion for summary judgment is to avoid a useless trial; it is a procedural device for prompt disposition of actions in which there is no genuine issue of material fact. *See, e. g., Greenebaum Mortgage Co. v. Town and Garden Associates*, 385 F.2d 347 (7th Cir. 1967); and *Mintz v. Mathers Fund, Inc.*, 463 F.2d 495, 498 (7th Cir. 1972).

■ A motion for summary judgment by a party defendant may be predicated on the proposition that an affirmative defense to the complaint exists as a matter of law. *See*: 6 Moore's Federal Practice ¶ 56.08, p. 56–136 (1976 ed.). The parties may submit materials in addition to the pleadings, and these materials may pierce the allegations of fact. Rule 56(c) Federal Rules of Civil Procedure; 6 Moore's Federal Practice, *supra*, at ¶ 56.04(1). But said materials must contain facts admissible in evidence; affidavits must be based upon personal knowledge and demonstrate that the affiant is competent to testify. 6 Moore's Federal Practice, *supra*, ¶ 56.11[1.–2] and [1.–3].

■ In an action for libel or slander, the substantive law of the forum state governs the merits of the claims. *See, e. g., Ando v. Great Western Sugar Co.*, 475 F.2d 531 (10th Cir. 1973). Such law in the State of Wisconsin holds that truth is a complete defense. *See*: *Di Miceli v. Klieger*, 58 Wis.2d 359, 206 N.W.2d 184 (1973); *Lathan v. Journal Company*, 30 Wis.2d 146, 140 N.W.2d 417 (1966).

■ In view of the foregoing, the Court concludes that the defendants are entitled to summary judgment. As demonstrated below, there is no genuine issue of material fact concerning the truth of the matters asserted in the questioned letter of May 29, 1973.

The deposition of the plaintiff Tanya Thompson establishes that a fire occurred in the house where she was living on February 20, 1972, and that authorities and adjusters commenced an immediate investigation as to its cause. The affidavit of one Elmer Baltes, an Assistant State Fire Marshal who investigated the fire, establishes that some suspicion of drug use existed; this also appears from the deposition of Tanya Thompson herself who, in describing a certain meeting where investigators discussed the origins of the fire, responded in the following fashion:

"Q—Is it your opinion that the purpose the meeting was to determine the cause of the fire?

"A—Yes.

"Q—Okay. And they asked you questions that relate to possible causes of the fire, when they asked you about candles and incense; is that correct?

"A—Yes.

"Q—And the same with marijuana cigarettes?

"A—Yes."

Deposition of *Tanya L. Thompson*, p. 70.

The deposition of Donald V. Thompson also indicates that the fire insurers suspected drug use and were discussing these implications relative to settlement of the fire insurance claim. *See, e. g., Donald V. Thompson* deposition at p. 77.

This evidence, when viewed in conjunction with corroborating details in an affidavit and deposition of E. C. Kiekhaefer and an affidavit of another Kiekhaefer employee Rose Smiljanic, establishes that a fire occurred in the house where the plaintiff lived, that drugs were suspected, and that this suspicion compounded insurance settlement problems. The Court must find that counsel for the plaintiff have presented nothing to raise a genuine issue of material fact as to these several critical propositions. It is argued that the plaintiff never used drugs and that the defendants obtained the information communicated in the questioned letter through office gossip. But these points are obviously immaterial. The plaintiff's counsel present no sworn testimony whatsoever to contest the assertion that drugs were merely suspected.

■ On a motion for summary judgment, every inference and doubt is to be resolved against the movant. But where the movant presents satisfactory evidence in favor of his position, the opposing party must counter with evidentiary material sufficient to raise a triable issue of material fact. *See*: 6 Moore's Federal Practice, *supra*, ¶ 56.15[3] at p. 56–488. The Court concludes that this has not been done.

The record in this case reveals that counsel for the principal defendants have established a complete and uncontroverted affirmative defense of truth. The Court need not and does not reach any question of whether the communications at issue here also fall within an applicable theory of conditional privilege. *Compare*: *Calero v. Del Chemical Corp.*, 68 Wis.2d 487, 228 N.W.2d 737 (1975).

### III.

The complaint of the plaintiff contains certain allegations charging slander. Nowhere in said complaint are the words of this slander set out. There are no assertions that the defamation is actionable *per se*, and no special damages have been pleaded.

■ Because the precise language which is said to be slanderous is not identified in even a general fashion, the complaint fails to comply with requirements of Wisconsin law. *See, e. g., Olston v. Hallock*, 55 Wis.2d 687, 201 N.W.2d 35 (1972). Also, pursuant to rule 9(g) of the Federal Rules of Civil Procedure, any claims of special damages were to have been pleaded with particularity. Because of these deficiencies, the complaint at issue here fails to state a proper claim for oral defamation or slander. *See too, J. M. Brennan, Inc. v. Honeywell, Inc.*, Case No. 75–C–707 (E.D.Wis., order of dismissal entered February 24, 1976).

### IV.

After due consideration of the position of each party, as set forth in the voluminous

record compiled to date and as amplified by the oral argument heard, and for the reasons stated above;

THE COURT FINDS that, as to the plaintiff's cause of action for publication of a libelous document, there is no genuine issue of material fact concerning the affirmative defense of truth and the principal defendants are entitled to judgment as a matter of law;

THE COURT FURTHER FINDS that, as to the plaintiff's claims of slanderous statements, the complaint fails to state a cause of action upon which relief can be granted;

THE COURT FURTHER FINDS that the third-party complaint can no longer be maintained as the relief demanded therein is conditioned upon a finding of liability of the third-party plaintiffs to the principal plaintiff;

THE COURT THEREFORE ORDERS that the motion for summary judgment that has been filed on behalf of the principal defendants is hereby GRANTED;

THE COURT FURTHER ORDERS that the third-party complaint is hereby DISMISSED.

The action is dismissed in its entirety with prejudice and without taxation of costs or attorneys' fees to any party.