Hiasaura **RUBENSTEIN, Plaintiff,**

v.

**UNIVERSITY OF WISCONSIN BOARD OF REGENTS et al., Defendants.**

Civ. A. No. 75–C–331.

United States District Court,
E. D. Wisconsin.

Nov. 17, 1976.

Robert P. Goldstein, Milwaukee, Wis., for plaintiff.

Bronson C. La Follette, Atty. Gen., Charles D. Hoornstra, Asst. Atty. Gen., Madison, Wis., for defendants.

REYNOLDS, Chief Judge.

This matter is before the court on the motions of defendants to dismiss and for summary judgment. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343 and pendent jurisdiction.

The plaintiff is a former assistant professor of the School of Social Welfare at the University of Wisconsin-Milwaukee. On February 1, 1974, the Executive Committee of the School of Social Welfare denied the plaintiff a promotion due to lack of published research. At the same time, the committee promoted William Berg, also an assistant professor in the School of Social Welfare. On February 21, 1974, a motion to reconsider the denial was rejected by the committee. The plaintiff complained of the decision to Dr. Helen Batchelor, Director of

the University's affirmative action office, alleging that it was based on sex discrimination. The plaintiff also filed a complaint with the Equal Employment Opportunity Commission and on March 20, 1976, received a notice of a right to sue from the United States Department of Justice.

The plaintiff alleges four causes of action: (1) that she was denied a promotion because of her sex by the defendants Baum, Walters, Ingle, and Chilman; (2) that the committee's decision and the actions of the defendants Baum, Walters, and Ingle allegedly influencing that decision were made in retaliation for plaintiff's outspoken criticism of the University and its faculty, in violation of her First and Fourteenth Amendment rights; (3) that the defendants Baum, Walters, Ingle, and Board of Regents conspired to deprive the plaintiff of her employment and of her exercise of constitutional rights on the basis of her sex in violation of 42 U.S.C. §§ 1983 and 1985; and (4) that the defendants Ingle and Board of Regents used false, scandalous, and defamatory words against the plaintiff.

The defendant Ingle has moved for summary judgment as to the first cause of action. The plaintiff contends that Ingle attempted to convince William Berg to withdraw his promotion request so that the plaintiff would have no foundation for her claim of sex discrimination. In support of his motion, Ingle submitted his affidavit (Ingle affidavit, p. 2) and that of William Berg to the effect that no such attempt was made (Berg affidavit, p. 2). The plaintiff has submitted counteraffidavits. In her affidavit, the plaintiff states:

"* * * Dr. Wolfson told affiant that Robert B. Ingle had mentioned affiant's complaint; that he told Dr. Wolfson that they had convinced William Berg to withdraw his request for promotion; and that with his withdrawal affiant did not have a case." (Rubenstein affidavit, par. 7)

In the affidavit of plaintiff's attorney, it is stated by Robert P. Goldstein that:

"* * * [T]he purpose of the conference was to inform her that the plaintiff

had received information that Robert B. Ingle had become involved in plaintiff's case, that Dr. Ingle had tried to talk William Berg into withdrawing his request for promotion * * *." (Goldstein affidavit, par. 2)

These counteraffidavits do not raise a genuine issue as to a material fact for they do not meet the requirement of Rule 56 that affidavits must be based on personal knowledge. These affidavits are based on hearsay information, and the defendant Ingle has quite properly moved to strike the objectionable paragraphs from them. The motions to strike are granted, and the Court is prohibited from considering the objectionable portions of the affidavits by *Klingman v. National Indemnity Company,* 317 F.2d 850 (7th Cir. 1963). As a result, the plaintiff has failed to show that there is a genuine issue as to the material fact of Ingle's alleged request to Berg for withdrawal of the latter's promotion request.

The defendant Ingle has also moved for summary judgment as to the plaintiff's second cause of action—retaliation for criticism. Since the acts allegedly perpetrated by the defendant are the same as those alleged in plaintiff's first cause of action, defendant Ingle's motion for summary judgment is granted for the reasons stated above.

The defendants Baum, Walters, Ingle, and the Board of Regents have moved for summary judgment as to the plaintiff's cause of action for conspiracy to deprive her of her employment and her constitutional rights in violation of 42 U.S.C. §§ 1983 and 1985. This claim is based on the allegation that Dr. Batchelor recommended that a reconsideration of William Berg's promotion and plaintiff's denial of promotion be made by a special committee, other than the Executive Committee, and that the defendants conspired to disregard Dr. Batchelor's recommendation. In support of their motion, the defendants have submitted affidavits denying that they entered into the alleged conspiracy or that Dr. Batchelor made the alleged recommendation. Dr. Batchelor states in her affidavit that she never made

the alleged recommendation. In opposition to these statements, the plaintiff's attorney has submitted an affidavit to the effect that Dr. Batchelor made a recommendation but never said what that recommendation was. In the opinion of the Court, these affidavits succeed in establishing that there is no genuine issue as to the material fact of Dr. Batchelor's recommendation and that judgment must be awarded the defendants.

■ In addition, the cases of *Dombrowski v. Dowling*, 459 F.2d 190 (7th Cir. 1972), and *Cole v. University of Hartford*, 391 F.Supp. 888 (D.C.Conn.1975), hold that a single entity, in this case the Board of Regents, cannot engage in a conspiracy, and that the participation of that entity's agents cannot make the agents liable for conspiracy under § 1985.

■ The defendants Board of Regents and Ingle have moved to dismiss the plaintiff's fourth cause of action for lack of jurisdiction and for failure to state a claim upon which relief can be granted. As to the court's jurisdiction over the Board, the plaintiff is precluded from bringing an action for damages by the doctrine of sovereign immunity. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

■ As to the defendant Ingle's motion to dismiss for failure to state a claim, it also is granted. According to *Frinzi v. Hanson*, 30 Wis.2d 271, 140 N.W.2d 259 (1966), if language is capable of both defamatory and nondefamatory meanings, then a jury question is presented. The Court feels that, as a matter of law, the language used by the defendant Ingle regarding the plaintiff is not capable of a defamatory meaning.

The comments made by defendant Ingle, while not complimentary, do not tend to harm the reputation of the plaintiff so as to lower her in the estimation of the community or to deter third persons from associating or dealing with her. *Waldo v. The Journal Company*, 45 Wis.2d 203, 172 N.W.2d 680 (1969). The comments were not made to the general community and so could not lower its estimation of her.

It is equally true that calling someone an "old biddy," opining that she is not suitable for promotion, or commenting that she is just out to make trouble, does not tend to deter people from associating with her.

■ The only possible claim that the plaintiff might have for defamation is her contention that Ingle's comments regarding her suitability for promotion affects her profession. *Martin v. Outboard Marine Corp.*, 15 Wis.2d 452, 113 N.W.2d 135 (1962). However, she has not been denied a job because of such remark, nor has defendant Ingle's remark affected her profession any more than the decision of the Executive Committee not to promote her. An administrator of a university should not be restrained from developing and voicing an opinion about a faculty member's qualifications for promotion. Defendant is entitled to an expression of his opinion as long as it is fair comment and not slanderous. *Waldo v. The Journal Company*, supra.

For the foregoing reasons,

IT IS ORDERED that the defendant Ingle's motion for summary judgment as to the first and second causes of action are granted.

IT IS FURTHER ORDERED that the motions of defendants Baum, Walters, Ingle, and the Board of Regents for summary judgment as to the third cause of action is granted.

IT IS FURTHER ORDERED that the motions of defendants Ingle and Board of Regents to dismiss the plaintiff's fourth cause of action is granted.