**MODERN PRODUCTS, INC., Plaintiff,**

v.

**George R. SCHWARTZ, M.D., and Health Press, a division of Healing Research, Inc., Defendants.**

**No. 89–C–337.**

United States District Court, E.D. Wisconsin.

March 26, 1990.

Michael, Best & Friedrich by John A. Busch, Milwaukee, Wis., for plaintiff.

Foley & Lardner by Thomas L. Shriner, Milwaukee, Wis., for defendants.

### DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff, Modern Products, Inc., alleges that the defendants, Dr. George

Schwartz and Health Press, defamed Modern Products and disparaged its product, Spike, by publishing a book entitled *IN BAD TASTE The MSG Syndrome.* The defendants have moved for summary judgment on both claims; the motion will be denied in part and granted in part.

█ Also before the court is the plaintiff's motion to supplement the record on summary judgment; the plaintiff seeks to file after the expiration of the regular briefing schedule, an additional report on the contents of the product Spike. The defendant opposes the motion on the grounds that the evidence is inadmissible, irrelevant and does not raise an issue of material fact. Modern Products asserts in its moving papers that the additional evidence is not outcome determinative. Since the court is persuaded that the defendants will not be prejudiced by the belated filing of the additional report, the plaintiff's motion to supplement will be granted.

The allegedly libelous assertion appears on the cover of a book authored by the defendant, Dr. Schwartz, and published by the defendant, Health Press. The first question before the court is whether the jacket, reprinted herein, is capable of conveying a defamatory meaning, *Wozniak v. Local 1111 of the United Electrical, Radio & Machine Workers of America,* 45 Wis.2d 588, 591, 173 N.W.2d 596 (1970), because in the absence of a defamatory statement or an injurious falsehood both the defamation claim and the product disparagement claim would fail.

> [Wisconsin] has adopted the definition of 'defamatory' currently stated in the *Restatement (Second) of Torts* sec. 559 at 156 (1977): 'A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.' A defamatory statement is one reasonably capable of conveying a defamatory meaning to the ordinary mind.
>
> Whether a communication is capable of a defamatory meaning is a matter of law for the court.

*Fields Foundation, Ltd. v. Christensen,* 103 Wis.2d 465, 482, 309 N.W.2d 125 (Ct. App.1981) (citations omitted).

█ "[I]f the language is such a character that it is capable of a nondefamatory meaning as well as a defamatory meaning, then a jury question is presented whether such communication was understood in fact in a defamatory sense by the persons to whom it was published." *Frinzi v. Hanson,* 30 Wis.2d 271, 275–76, 140 N.W.2d 259 (1966).

In case at bar, the plaintiff alleges that the book cover is defamatory because it pictures the product, Spike, "a health food," among various "junk foods" underneath the title *IN BAD TASTE The MSG Syndrome.* The plaintiff further alleges that, its customers,

> [T]he health conscious consumers will be likely lead to the wrong conclusion that the product Spike is in fact in bad taste, and that the product Spike presents the same health hazards as might be present with those products shown together with the product Spike.

Complaint, p. 4 at par. 15.

█ "Words which charge an individual or a corporation with dishonorable, unethical or unprofessional conduct in a trade, business or profession are capable of a defamatory meaning." *Fields Foundation, supra,* 103 Wis.2d at 483, 309 N.W.2d 125. A false assertion that a food supplier produces foods which cause health problems is capable of a defamatory meaning; such a statement also disparages a product. In my opinion, a reasonable jury could find that the book cover conveys a defamatory meaning by construing the words and the picture as a message that the pictured products are unhealthy because they contribute to a health condition known as MSG Syndrome.

The defendants contend that the plaintiff cannot prove that the book cover is false, and urge, therefore, that the defendants are entitled to summary judgment on both claims. If the assertion contained on the book cover is true or substantially true, then the defendants are not liable. *DiM-*

*iceli v. Klieger*, 58 Wis.2d 359, 363, 206 N.W.2d 184 (1973). On this issue, Modern Products has submitted enough evidence to survive the present challenge.

■ The defendants further maintain that summary judgment is appropriate because the plaintiff has not and cannot put forth the clear and convincing evidence required to show actual malice. As to the defamation claim, the plaintiff need not prove actual malice as required by *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), because nothing in the record supports a determination that the plaintiff is a public figure, generally or in limited circumstances. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345, 94 S.Ct. 2997, 3009–10, 41 L.Ed.2d 789 (1974). Tellingly, the affidavits of the defendants state that they had never heard of the plaintiff until this lawsuit was filed. The question whether the defendants were negligent in publishing the alleged defamation will be left to the jury. *Denny v. Mertz*, 106 Wis.2d 636, 654, 318 N.W.2d 141 (1982), *cert. denied*, 459 U.S. 883, 103 S.Ct. 179, 74 L.Ed.2d 147 (1982).

■ The record before the court compels summary judgment in favor of the defendant on the claim of product disparagement. Conceding that it must prove that the defendants published the cover in reckless disregard of the truth in order to prevail on the product disparagement claim, the plaintiff contends that it has produced sufficient admissible evidence on the issue of malice. The evidence alluded to by the plaintiff consists of a letter written by Dr. Schwartz in which he states that the "jig is up" and a supposition by the plaintiff's chief operating officer that spite was the motivation behind the publication. Neither submission is sufficient to raise a dispute of fact.

The letter written by Dr. Schwartz does not reveal his state of mind at the the time the statement was published, nor could malicious intent be reasonably inferred from the letter. Likewise, the hypothesis about Dr. Schwartz' state of mind fails to establish an issue of material fact. The relevant inquiry is subjective. *St. Amant v. Thompson*, 390 U.S. 727, 731, 88 S.Ct. 1323, 1325, 20 L.Ed.2d 262 (1968). "There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *Id.*

Therefore IT IS ORDERED that the defendants' motion for summary judgment be and hereby is denied as to the claim of defamation and granted as to the claim of product disparagement.

APPENDIX

# IN BAD TASTE

## The MSG Syndrome

George R. Schwartz, M.D.
Foreword by Arthur D. Colman, M.D.